# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-246V
Filed: October 27, 2017
UNPUBLISHED

| | |
|---|---|
| AMY BOOTH,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her September 27, 2015 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 2, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On October 27, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded compensation representing $15,000.00 representing petitioner's past and future lost earnings,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$125,000.00 representing petitioner's past and future pain and suffering, and $10,000.00 representing past and future unreimbursable expenses.  Proffer at 1.  In the Proffer, respondent represents that petitioner agrees with the proffered award and that petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $150,000.00 which represents compensation for past and future lost earnings ($15,000.00), past and future pain and suffering ($125,000.00), and past and future expenses ($10,000.00) in the form of a check payable to petitioner, Amy Booth.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AMY BOOTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-246V (**ECF**) |
| v. ) | Chief Special Master Dorsey |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF DAMAGES**

On August 2, 2017, respondent, the Secretary of Health and Human Services, filed his Rule 4(c) Report conceding entitlement to compensation in this matter, and on the same day the Court entered its Ruling on Entitlement, finding petitioner Amy Booth entitled to Vaccine Act compensation for a Shoulder Injury Related to Vaccine Administration (SIRVA).  Respondent now proffers that petitioner receive a compensation award consisting of the following:

A.  Lost Earnings

Based on evidence provided by petitioner, respondent proffers that the appropriate award for petitioner's past and future lost earnings is $15,000.00, which accounts for all appropriate taxes and offsets.  Petitioner agrees.

B.  Pain and Suffering

Based on evidence of record, respondent proffers that the appropriate award for petitioner's past and future pain and suffering is $125,000.00.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

C.  Past and Future Unreimbursable Expenses

Based on evidence provided by petitioner, respondent proffers that petitioner should be awarded compensation for past and future unreimbursable expenses in the amount of $10,000.00. Petitioner agrees.

D.   Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

Based on the foregoing, respondent now proffers that petitioner receive an award of a lump sum of **$150,000.00** in the form of a check payable to petitioner, Amy Booth.[1]  This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[2]

Petitioner agrees with the proffered award of $150,000.00.[3]

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1]  Petitioner is a competent adult.  No guardianship is required.

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[3]  This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

2

                                          ALEXIS B. BABCOCK
                                          Assistant Director
                                          Torts Branch, Civil Division

                                          <u>s/Voris E. Johnson, Jr.</u>
                                          VORIS E. JOHNSON, JR.
                                          Senior Trial Attorney
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 146
                                          Ben Franklin Station
                                          Washington, D.C. 20044-0146
                                          Direct dial: (202) 616-4136

Dated: October 27, 2017