# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0246V
Filed: March 7, 2018
UNPUBLISHED

| | |
|---|---|
| AMY BOOTH,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C.,* Memphis, TN, for petitioner.
*Voris Edward Johnson,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On February 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her September 27, 2015 influenza ("flu") vaccination. Petition at 1. On October 27, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 26).

　　On February 5, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 31). Petitioner requests attorneys' fees in the amount of $19,963.20 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $905.34.  (*Id.* at 1).  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (*Id.* at 3). Thus, the total amount requested is $20,868.54.

On February 6, 2018, respondent filed a response to petitioner's motion.  (ECF No. 32).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1).  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2).  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3).

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with the following exceptions.

With regard to the hourly rate of $340.00 requested by attorney Chris J. Webb for worked performed in 2018[3], the undersigned finds the proposed rate excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). Mr. Webb has recently entered the 11-19 year experience range for work performed in 2018, and based on the rates established in *McCulloch*, reasonable rates for attorneys with 11-19 years of experience in the vaccine program fall between $317.00 - $396.00.[4]

---

[3] Chris J. Webb billed a total of 1.3 hours for 2018 at a rate of $340.00

[4] The 2018 Fee Schedule can be accessed at http://www.cofc.uscourts.gov/node/2914

Mr. Webb was awarded a rate of $315 for work performed in 2017. His increase for 2018, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statics, and would result in a rate of $326.00, which is a more appropriate rate given the undersigned's experience and analysis of the McCulloch factors as applied to Mr. Webb. Therefore the undersigned **reduces the fee request by $18.20**.[5]

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* On March 30, 2017 Chris J. Webb billed a total of 2.4 hours[6], or a total of $756.00 for driving to meet the client and the return drive.[7] As travel

---

[5] This total represents (1.3 * $340) - (1.3 * $326) = $18.20.

[6] Mr.Webb's entries are dated March 30, 2017 (1.2 hours) "Drive to Covington, TN for meeting with client" and (1.2 hours) "Drive back to Memphis from Covington after meeting with client." Both entries are billed at his full hourly rate of $315.00. (ECF No. 31-2, at 7).

[7] The Court recognizes that the Black McLaren firm, and Mr. Webb, consistently request full compensation for travel, however this is not the Court's practice. *See, e.g., Hocraffer v. Sec'y of Health & Human Servs.,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").[7] *See, e.g., J.L.D. v. Sec'y of Health & Human Servs.*, No. 15-716V, 2017 WL 563189, at *4 (Fed. Cl. Jan. 18, 2017), *reconsideration denied sub nom. J.L.D. by Davis v. Sec'y of Health & Human Servs.*, No. 15-716V, 2017 WL 908580 (Fed. Cl. Feb. 8, 2017) ("Upon further review of the billing records, I noted that Mr. Webb billed a total of 19.6 hours of travel time in 2015. ECF No. 34–2 at 6–7. While an attorney may bill for work performed while traveling, special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *May v. Sec'y of Health & Human Servs.,* No. 12-712V, 2016 WL 7664474, at *4 (Fed. Cl. Dec. 15, 2016) ("Upon further review of the billing records, I noted that Mr. Webb billed 8 hours for travel time on November 29, 2012 and 8 hours for travel time on November 30, 2012. ECF No. 70–2 at 6. While an attorney may bill for work performed while traveling, "special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *Rowden v. Sec'y of Health & Human Servs.*, No. 14-400V, 2016 WL 7785616, at *4 (Fed. Cl. Dec. 22, 2016); *Kinder v. Sec'y of Health & Human Servs.*, No. 15-1212V, 2016 WL 7666537, at *2 (Fed. Cl. Dec. 15, 2016); *Morgan v. Sec'y of Health & Human Servs.*, No. 15-0239V, 2016 WL 8457049, at *2 (Fed. Cl. Nov. 23, 2016); *Buser v. Sec'y of Health and Human Servs.*, No. 16-0166V, 2016 WL 8416477, at *2 (Fed. Cl. Nov. 22, 2016); *Dayton v. Sec'y of Health & Human Servs.*, No. 15-0589V, 2016 WL 8377512, at *2 (Fed. Cl. Nov. 17, 2016); *Kreisle v. Sec'y of Health & Human Servs.*, No. 15-984V, 2016 WL 8376886, at *2 (Fed. Cl. Nov. 8, 2016); *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925, at *11 (Fed. Cl. Nov. 4, 2016); *Klein v. Sec'y of Health & Human Servs.*, No. 15-1054V, 2016

time should be billed at the reduced rate of 50%, the undersigned shall **reduce the fee request by $378.00.**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $20,472.34[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

WL 8346098, at *1 (Fed. Cl. Nov. 4, 2016); *E.T. v. Sec'y of Health & Human Servs.*, No. 15-181V, 2016 WL 7188686 (Fed. Cl. Oct. 27, 2016); *Watkins v. Sec'y of Health & Human Servs.*, No. 15-150V, 2016 WL 7188685, at *1 (Fed. Cl. Oct. 26, 2016).

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.